Welch, J.
The first question in the case is, whether the petition in error has not been prematurely filed, pending the original action in the court below.
Where, under the statutory provision in that behalf, a cause is set down for trial on its merits, after reversal of the judgment of a justice of a peace therein, it is well settled that error will not lie until after the final disposition of the case. Kelly v. Hunter, 12 Ohio, 216 ; Wright, 418. But where a cause is remanded for further proceedings under the code, the practice, so far as we know has always been to allow a proceeding in error at any time after the rendition of the judgment of reversal, and without regard to the further proceedings below. See 4 Ohio St. 483, 586, 354, and 3 Ib. 445. *The alleged inconvenience arising from this practice can be obviated by a continuance of the ease below until the proceeding in error is terminated, and then dismissing it or proceeding in it, according to the final result in the reviewing court.
But did the court in general term err in reversing the judgment in special term ? We think not.
It is enough, perhaps, to say that the plaintiffs were permitted to recover in their joint names, as in an action of trover, the full value of goods and chattels in which they had no joint property, either general or special, and in whicn only one of them had any property at all. If counsel are right in arguing that the verdict and judgment in the replevin case are conclusive evidence of the plaintiffs’ right of joint possession, and therefore prima facie evidence of joint ownership, surely that prima facie case is rebutted by the showing of the plaintiffs themselves. In their original petition, as well as in their answer in the' replevin case, they show that two of the plaintiffs have no rights but those of attaching creditors, and that the sheriff (or the defendant in attachment) has the exclusive right of property. Such a right of possession would be of merely nominal value, and could not, under any circumstances, justify a recovery for the full value of the property.
But does the Iowa record show any such right of joint possession? *176 Taken altogether, does it not rather show that the sheriff has the exclusive right ? I think it does. Or, at least, if it is to be construed as showing any right of possession in Schaeffer and Wicker-sham, it must, in order to make the record consistent with itself, be regarded as a mere right to receive and hold the property for the sheriff, and as his servants. The answer of the plaintiffs in the replevin case, like their original petition in the Superior Court, plainly avers the right of possession to be in the sheriff alone; and it would-be quite absurd to hold that the Iowa court and jury meant to award them a right of possession which they disavowed.
Counsel suggest that the case may be sustained as an action brought to enforce the Iowa judgment.. As to the $18 costs-*this is true. ' But as to the property, instead of being an action to enforce the judgment, by compelling delivery of the specific property, it is an action to recover damages for its conversion, and the judgment is merely given in evidence to showiiife in the plaintiffs.
That the officer might sue alone for the conversion of the property, I have no doubt. The judgment in replevin can not be held as a bar to such an action, for it only determined the then present right of possession, and not the right of property, or to damages for its conversion. ■ But surely the creditors themselves can not join him, and much less can a part only of the creditors join him in such an action. If they can, how shall they and the sheriff divide between them the money recovered, and what will be the rights of the other creditors and of the defendant in attachment? It seems only necessary to ask these, and similar questions, to show that the action was misconceived.

Judgment of the court in general term affirmed.

Day, C. J., and White, Brinkerhoee, and Scott, JJ., concurred.